Dykman, J.
This action was brought for the recovery of the value of twenty cows which the plaintiff claims were wrongfully taken from her by the defendant under the following circumstances:
In the month of April, 1885, the defendant, Abner Mills, as the executor of the last will and testament of Maria Bull, deceased, recovered a judgment in the supreme court against Robert McYoy for the sum of 8943.53 An execu tion was issued upon that judgment against the property of the defendant therein and delivered to the sheriff of Orange county, who sold the cows in question under the same and in satisfaction thereof by direction of the defendant, upon the claim that they belonged to the defendant in the execution.
The plaintiff is the sister-in-law of Robert McYoy, having married his brother, and she claims that the cows in question, with other property, were sold to her by Robert in payment and satisfaction of his indebtedness to her of $4,500 and upon the trial she established .her claim with so much completeness and force that the trial judge directed a verdict in her favor and left the jury only to determine the value of the property.
The defendant has appealed and complains of the refusal of the trial judge to submit to the jury the question of the ownership of the property by the plaintiff, but the complaint is destitute of foundation.
The testimony of the plaintiff and Robert McYoy established a complete sale of the property to her for a full con sideration, and their testimony not only remained uncontradicted, but it was fully corroborated in all material particulars and with much completeness of detail.
A verdict for the defendant could have, been founded *412 upon nothing but a disregard of the testimony induced by inferences drawn from the relations of the parties and the pecuniary resources of the plaintiff. Such considerations-would have been weighty, and might have been controlling if the testimony had been contradictory or sufficiently disputatious to carry the cause" to the jury. But justifiable inferences must be deduced from testimony scrutinized and examined by the light furnished by surrounding circumstances, and unless the positive testimony of witnesses be palpably absurd or incredible, or impossible, and bears intrinsic evidence of unreliability, it is quite unsafe to base judicial action upon assumptions in hostility thereto.
In this case the testimony of the witnesses was all harmonious in one direction, and by no means incredible. The witnesses were unimpeached and uncontradicted, and, verdict for the defendant would have been set aside, andl the justification of the direction of a verdict for the plaintiff] follows upon that conclusion.
The judgment and order denying the motion for a new trial should be affirmed, with costs.
There was a motion to dismiss the appeal, but we think it cannot prevail. The appeal from the order denying the motion for a new trial seems to have been timely, and iff the appeal from the judgment was late the objection has\ probably been waived.
The motion to dismiss should be denied, with ten dollars costs to be deducted from the judgment.
Barnard, P. J., and Pratt, J., concur.